UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:96CV217-R
(3:95CR119)

| | |
|---|---|
| GERALD DAMONE HOPPER, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) Respondent. ) ) | O R D E R |

**THIS MATTER** is before the Court on Petitioner's "Motion Pursuant to Fed.R.Civ.P Rule 60(b)(6) to reinstate § 2255 In Light of Gonzalez v. Crosby, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)" [Doc.54]. For the reasons stated herein, the Petitioner's motion will be denied.

A review of the record reveals that after a three-day jury trial, which began on May 15, 1996, Petitioner was found guilty of two counts of extortion, racketeering and threats in violation of 18 U.S.C. §§ 1951 and 2, and three firearms counts in violation of 18 U.S.C. §§ 924 and 2. Petitioner was sentenced to concurrent sentences of 240 months on counts one and two, 60 months on counts three and four and 262 months on count five. Petitioner filed a notice of appeal, and the Fourth Circuit Court of Appeals

1

upheld his conviction and sentence. On June 5, 1996, Petitioner filed a Motion to Vacate [Doc. 1] with regard to his criminal Judgment, which Motion Petitioner thereafter sought to dismiss or withdraw. [Doc. 5]. On June 10, 1998, Petitioner's Motion to Dismiss his §2255 petition was granted. [Doc. 6]. On June 22, 1998, Petitioner filed an amended Motion to Vacate. [Doc. 8]. On September 1, 1998, this Court granted Petitioner's Motion to Amend. [Doc. 12]. By Order dated January 7, 1999 this Court denied Petitioner's amended Motion to Vacate and dismissed his case. [Doc. 28]. Petitioner appealed the denial of his Motion to Vacate to the Fourth Circuit Court of Appeals and on October 13, 1999 the Fourth Circuit, in an unpublished decision, dismissed Petitioner's appeal. [Doc. 46]. Meanwhile, Petitioner had filed a motion [Doc. 30] pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the Judgment in this matter, which motion was denied. [Doc. 41]. Petitioner appealed the denial of his Rule 59 motion and on December 15, 1999, the Fourth Circuit Court of Appeal found no abuse of discretion and affirmed the denial. [Doc. 49]. On December 28, 2000, Petitioner filed a motion for reconsideration pursuant to Rule 60(b)(2) and (6) of the Federal Rules of Civil Procedure. [Doc. 51]. On January 8, 2001, this Court denied Petitioner's motion noting that Petitioner's motion "rehashes old

arguments that have been considered on direct appeal and on post-conviction petition." [Doc. 52].

On March 3, 2006, Petitioner filed the instant motion asking this Court to again reconsider its dismissal of this §2255 proceeding. Though this Court has already denied two motions for reconsideration in this matter, Petitioner alleges that this Court mistakenly dismissed two of Petitioner's habeas claims without a merits review because the claims had been addressed on direct appeal. Petitioner's contends that the two claims were not raised or addressed on direct appeal and, therefore, requests that this Court reinstate his Motion to Vacate for a merits determination of his claims.

Rule 60(b) requires that motions made pursuant thereto "be made within a reasonable time." Petitioner's Motion to Vacate was denied on January 7, 1999. The Fourth Circuit upheld this Court's denial of Petitioner's §2255 motion on October 13, 1999 and upheld this Court's denial of Petitioner's motion for reconsideration on December 15, 1999. Petitioner filed a second motion for reconsideration one year later, which was denied on January 8, 2001. More than nine years after the Court denied Petitioner's Motion to Vacate, Petitioner filed the instant motion again seeking reconsideration of this Court's January, 1999, denial of his Motion to Vacate. The Court finds

3

and concludes that nine years is clearly more than the reasonable amount of time for the Petitioner to have brought his motion pursuant Rule 60(b). Furthermore, a movant seeking relief under Rule 60(b)(6) must also show "extraordinary circumstances" justifying the reopening of a final judgment. Ackermann v. United States, 340 U.S. 193 (1950). The Cout finds and concludes that the Petitioner has not established "extraordinary circumstances" sufficient to reopen his case. He makes the same arguments as before, but now cites to a new Supreme Court case. For these reasons the Petitioner's Motion must be denied.

In addition, Petitioner's motion appears to be a further attempt to attack his underlying conviction and sentence. In that regard, his motion would be construed as an attempt to file a second § 2255 petition. Though the Petitioner argues that Gonzalez v. Crosby, 545 U.S. 524 (2005) holds that a motion under Rule 60(b) does not constitute a successive §2255 petition, his reliance on Gonzalez is misplaced. The Gonzalez Court specifically limited its holding to proceedings under 28 U.S.C. § 2254, and declined to extend it to proceedings such as this one under §2255. Id. at 530 n. 3. As such, the Motion must be denied as Petitioner has not sought permission to file a second or successive petition from the Fourth Circuit Court of Appeals, as

required by 28 U.S.C. § 2244(b)(3)(A). <u>United States v. Winestock</u>, 340 F.3d 200 (4th Cir. 2003).

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's "Motion for Relief Pursuant to Fed. Rule 60(b)" is **DENIED**.

**SO ORDERED**.

Signed: May 7, 2008

Martin Reidinger
United States District Judge