| | | |
|---|---|---|
| **GERALD DAMONE HOPPER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on petitioner's Motion to Vacate Order Pursuant to 28 U.S.C. §455 and §144 to Reinstate Hazel Atlas Motion (#203) and Motion for Reconsideration or Alter and Amend Order (#202). These motions follow on the heels of petitioner's Motion for Reconsideration Pursuant to *Hazel-Atlas Glass Co. V. Hartford-Empire Co.* (#199) and Motion to Supplement Motion for Reconsideration Pursuant to *Hazel-Atlas Glass Co. V. Hartford Empire Co.* (#200), which were denied by Order filed less than three weeks before petitioner filed the instant motions. In less than two months, petitioner has filed six motions with court.

In addition to reasserting arguments surrounding prosecutorial misconduct at trial, petitioner has now made sweeping allegations of judicial misconduct in the handling of his Section 2255 petitions, arguing:

> if Judge Cogburn were to adhere to the decisions of Judge Mullen and Judge Flanagan, and render a merit determination on Hopper's fraud upon the court claim . . . Judge Cogburn would run the risk of placing his colleagues, that he share personal ties and mutual interest with, in a very precarious, if not perilous predicament, career wise.
> The record will reflect that Judge Cogburn have personal ties and share mutual interest with the adverse parties. The adverse parties in this matter are David C. Keesler, Thomas H. Walker and Robert J. Conrad, Jr., all former

Assistant United States Attorneys ("AUSA") ....

Motion for Reconsideration (#202), at p. 4 (errors in the original; footnote omitted). Petitioner goes on to argue that this court's previous orders, which found his motions to be successive, were motivated by bias and prejudice.

Taking these contentions as a motion to recuse, 28 U.S.C. § 455, and a motion to have another judge consider this matter, 28 U.S.C. § 144, the court finds that there is no basis for either. First, petitioner has failed under Section 144 to come forward with an affidavit indicating that this court has any personal bias or prejudice against him or in favor of the government. Second, petitioner has failed to show any basis for disqualification under Section 455(a) or (b). While it appears that the Assistant United States Attorney ("AUSA") who prosecuted this matter on behalf of the United States later became a magistrate judge of this court, such elevation to the bench is not a listed provision of Section 455(b) requiring recusal at this point. If, however, this matter were to proceed to a merits determination that involved review of an affidavit from that former AUSA who is now a judge, the court would consider reference of this matter to a judge outside the district under Section 455(a). As far as the undersigned's own service as an AUSA, such appointment was completed nearly 20 years ago, which was several years before petitioner was convicted in this court. Indeed, at the time of petitioner's conviction, the undersigned was serving as a judicial officer in this district after working for a number of years as a criminal defense attorney. Under petitioner's theory, no judge in this district could consider a collateral attack, including claims of prosecutorial misconduct, as to convictions obtained during the tenure of our Chief Judge as United States Attorney for this district. Such would be an absurd result and one for which the court can find no precedent. A Section 455(a) request would, however, be appropriate if this matter were to proceed to a merits determination that involved

consideration of testimony or an affidavit from a former AUSA who is now serving as a judge of this court. The fact that petitioner's case was prosecuted by a member of the bench of this court is irrelevant to the threshold AEDPA inquiry.

Setting aside petitioner's unfounded contentions of bias, the court will now turn to petitioner's "Motion for Reconsideration or Alter and Amend Order." In this court's previous Order, it specifically addressed the jurisdictional threshold which petitioner must cross under the AEDPA before the court can substantively address his argument that the conduct of the prosecutor at trial amounted to a "fraud upon the court." In doing so, the court specifically reviewed petitioner's earlier petitions. See Section 2255 Petition (#146) herein; Motion to Vacate (#13) in 3:96cv217. The court found that not only has petitioner raised this issue before, but that the trial judge, Honorable Thomas A. Wiseman, United States District Judge, sitting by designation in the Western District of North Carolina, specifically rendered a decision on such issue in his Order (#28) of January 7, 1999. Hopper v. United States, 3:96cv217 (W.D.N.C. 1999). Judge Wiseman held, as follows:

> In this Motion to Vacate or Set Aside this Conviction under 2B U.S.C. § 2255, the movant's prolific pro se pleadings have been considered along with the entire file, as well as this Court's recollection of the trial and the person and actions of the movant. The grounds of the Motion are wholly without merit and the same are DENIED, and this case will be DISMISSED. The grounds will be discussed seriatim.
>
> * * *
>
> GROUND 2: Movant continues to argue some conspiratorial action on the part of the Government in regard to a photographic identification. This has been taken up on Motion to Suppress and again at trial and cannot now be relitigated.

Id., at Order (#28). It is most clear to this court that petitioner has not only raised the issue in a previous petition, see id., at Motion to Vacate (#13), at pp. 4, 9, & 11-12, but that it was specifically addressed and rejected by Judge Wiseman. Id., at Order (#28). That plaintiff has now re-branded that same contention as a "Hazel-Atlas" motion or asserted that such

previously rejected Section 2255 contention evidences a "fraud on the court" does nothing to circumvent the jurisdictional requirements of the AEDPA.

\* \* \*

Petitioner is, for the third time, advised that if he wants this court to consider the merits of this particular argument, he must first petition the Court of Appeals for the Fourth Circuit as his "Hazel-Atlas" motion is patently a successive petition.[1] The AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the district court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

## ORDER

**IT IS, THEREFORE, ORDERED** petitioner's Motion to Vacate Order Pursuant to 28 U.S.C. §455 and §144 to Reinstate Hazel Atlas Motion (#203) and Motion for Reconsideration or Alter and Amend Order (#202) are **DENIED**.

The Clerk of this Court is instructed to file this Order in petitioner's civil case file as well as this criminal action.

---

[1]     Petitioner is advised that this court has no desire to limit his ability to access the court. *See In re Oliver*, 682 F.2d 443, 446 (3d Cir.1982). However, his recent filings are not only numerous, but border on contemptuous. He is advised that as the frequency and tenor of such pleadings increase, the likelihood of a court commencing the process for imposing a system of prefiling review also increases. *Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812 (4th Cir. 2004); *Vestal v. Clinton*, 106 F.3d 553 (4th Cir. 1997). If he believes he has a meritorious claim, petitioner is encouraged to make application to the Court of Appeals for the Fourth Circuit for permission to pursue that claim in this court, rather than make additional filings with this court, which has very clearly found that jurisdiction is lacking under the AEDPA.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller -El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right). <u>Petitioner is advised that denial of a certificate of appealability does not prevent him from seeking certification for filing a second or successive petiton from the Court of Appeals for the Fourth Circuit</u>.

**Petitioner is advised that the AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the district court. <u>Id.</u> "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).**

Signed: September 6, 2011

Max O. Cogburn Jr.
United States District Judge